UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 05-359-DLB

CRYSTAL HOUSTON
o/b/o JIMMY HOUSTON                                                              PLAINTIFF


vs.                              **MEMORANDUM OPINION & ORDER**


JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Crystal Houston protectively filed an application for supplemental security income (SSI) payments on behalf of her son, Jimmy Wayne Houston, on February 19, 2004.[1] The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 61-62), but subsequently waived that right (Tr. 72). The ALJ issued an unfavorable decision based upon the evidence in the record, on November 23, 2004, finding that Jimmy was not eligible for payments. The Appeals Council denied further review by letter dated September 19, 2005. The ALJ's

---

[1] Plaintiff filed a prior application for SSI payments on behalf of her son on April 17, 2003. That claim was denied at the initial and reconsideration levels, and no further action was taken.

1

decision, therefore, stands as the final decision of the Commissioner on Jimmy claim.

At the time the ALJ rendered his decision, the claimant was eight (8) years old and enrolled in elementary school. According to his mother, he became disabled on April 11, 1996, due to asthma, allergies, shortness of breath, and a learning disability.

Having exhausted her administrative remedies, Plaintiff filed the instant action on November 4, 2005. The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

A child under the age of 18 will be deemed "disabled" if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

1382c(a)(3)(C)(i). The Social Security Administration has established a 3-step sequential evaluation for determining minor disability. The Commissioner must consider: (1) whether the child is engaged in substantial gainful activity, (2) whether the child has an impairment or combination of impairments that is severe, and (3) whether the child's impairment meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1 (2000) (the "Listings"). 20 C.F.R. § 416.914.

In making the third determination - whether a child's impairment meets or equals a listed impairment - the ALJ must consider whether the impairment, alone or in combination with another impairment, "medically equals, or functionally equals the listings." "Functional equivalency means that the impairment results in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain ...." 20 C.F.R. § 416.926a(a). A "marked" limitation is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). "It is the equivalent of the functioning [the Secretary] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* The regulations state:

> If you are a child of any age (birth to the attainment of age 18), we will find that you have a "marked" limitation when you have a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score.

*Id.* § 416.926a(e)(2)(iii). An "extreme" limitation is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i). It can be shown by a valid score on a standardized test that is three or

3

more standard deviations below the mean. *Id.*

In making these determinations, the ALJ assesses all relevant factors, including: (1) how well the child initiates and sustains activities, how much extra help he needs, and the effects of structured or supportive settings; (2) how the child functions in school; and (3) how the child is affected by his medications or other treatment. *Id.* § 416.926a(a)(1)-(3). The ALJ considers how a child functions in his activities "in terms of six domains." These domains are "broad areas of functioning intended to capture all of what a child can or cannot do," and include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Jimmy had not engaged in any substantial gainful activity at any relevant time. (Tr. 20). At Step 2, the ALJ found that Jimmy's asthma, eczema/psoriasis, and learning disability constitute severe impairments, but that he does not have an impairment or combination of impairments that meets, medically equals, or functionally equals one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 21-26).

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ failed to fully develop the record. More particularly, Plaintiff claims that the ALJ should have re-contacted Jimmy's family physician, Dr. Vahid Mehrpouyan, and obtained additional records.[2]

---

[2]Plaintiff claims that Dr. Mehrpoyan initially provided treatment records dated May 2003. When she appealed to the ALJ level in July 2004, she indicated that further records may be available from the Appalachian Regional Hospital (ARH), Whitesburg Clinic, where Jimmy saw Dr. Mehrpoyan. Plaintiff argues that the ALJ should have obtained any records that were generated

According to Plaintiff, the ALJ's error in this regard was particularly troubling because she was not represented by counsel, and waived the right to a hearing.[3]  In response, the Commissioner argues that Plaintiff knowingly and voluntarily elected to proceed pro se, and forego a hearing before the ALJ.

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 416.912(a).  The ALJ is responsible for ensuring that the administrative record is fully and fairly developed.  *Lashley v. Sec'y of Health and Human Servs.,* 708 F.2d 1048, 1051 (6th Cir.1983).  The ALJ's duty to develop the record is heightened under special circumstances, such as when a claimant is: 1) without counsel, 2) incapable of presenting an effective case, and 3) unfamiliar with hearing procedures.  *Nabours v. Comm'r of Social Security*, 50 Fed.Appx. 272, 275 (6th Cir. 2002) (unpublished decision) citing *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 856 (6th Cir.1986); *Lashley,* 708 F.2d at 1051-52 (6th Cir. 1983).  The Sixth Circuit has cautioned, however, that the determination of whether an ALJ failed to fully develop the record in derogation of this heightened responsibility must be determined on a case-by-case basis.  *Id.*

Plaintiff's argument that the ALJ failed to fully and fairly develop the administrative record fails legally and factually.  First, the Sixth Circuit considered and rejected a similar argument in *Nabours*.  In that case, the claimant argued that the ALJ erred in failing to develop fully the administrative record by obtaining - and considering - a particular medical

---

in the interim.

[3] Plaintiff has retained counsel on appeal.

report. *Nabours*, 50 Fed.Appx. at 275. In support, she claimed that a treatment note from an emergency room physician referred to the fact that she had undergone an MRI. *Id*. The claimant did not make the MRI report part of the administrative record, but claimed on appeal that the ALJ "had a special duty to ferret out this report" due to her pro se status. *Id*. The Sixth Circuit disagreed, and held that the ALJ did not err in failing to procure - and consider - the MRI results. *Id*. While the claimant in *Nabours* requested and attended a hearing before the ALJ - a right that Plaintiff in this case waived - the Court nevertheless finds the Sixth Circuit's holding instructive.

More importantly, however, the Court's review of the administrative record reveals that, contrary to Plaintiff's contention, the ALJ did request and receive additional records from ARH Whitesburg. Those records, which are found at pages 235-241 of the transcript, indicate that Jimmy primarily visited ARH for the purpose of receiving allergy injections. Under these circumstances, the Court concludes that Plaintiff's sole argument on appeal is without merit.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 4th day of May, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-359-HoustonMOO.wpd